IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| McDONALD'S CORPORATION d/b/a ) <br> DELAWARE McDONALD'S ) <br> CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FARRIS BROTHERS INVESTMENT ) <br> COMPANY a/k/a FARRIS BROTHER ) <br> INVESTMENT COMPANY, JOHN M. ) <br> FARRIS, BRUCE E. FARRIS, BRADLEY ) <br> FARRIS, MICHELLE STARR, PAULA ) <br> FARRIS, VICTORIA FARRIS, VICTOR ) <br> FARRIS, JEANETTE FARRIS, AND CLEAN ) <br> WASH CLUB LLC, ) <br> ) <br> Defendants. ) | Case No. 6:25-cv-03241-MDH |

## ORDER

Before the Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 3). Plaintiff filed suggestions in support (Doc. 4) and Defendants have filed suggestions in opposition. (Doc. 19). Also before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction. (Doc. 18). The Court held a hearing based on these two motions on September 11, 2025. Plaintiff's corporate representative and counsel were present. Representation for Defendants were present along with Counsel.

Plaintiff is requesting this Court to enter a TRO and preliminary injunction enjoining Defendants from: (i) using the existing McDonald's parcel located at 381 Highway Z, Saint Robert, Missouri (the "McDonald's Parcel") to access the adjacent parcel located at 401 Highway Z, Saint Robert, Missouri (the "Car Wash Parcel"); (ii) placing directional signage or otherwise

1

facilitating, directing, or encouraging its customers and invitees to use the McDonald's Parcel to access the Car Wash Parcel; and (iii) interfering with McDonald's use and enjoyment of the McDonald's parcel. For reasons discussed herein, Defendants' Motion to Dismiss for Lack of Jurisdiction is **DENIED**; Plaintiff's Motion for a TRO is **DENIED**; and Plaintiff's Motion for a Preliminary Injunction will be taken up at a later date.

## STANDARD

### I. Motion to Dismiss for Lack of Jurisdiction

To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of proving jurisdiction. *Dack v. Volkswagen Grp. of Am.*, 565 F. Supp. 3d 1135, 1140 (W.D. Mo. 2021) (citing *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 990 (D. Minn. 2016). Subject matter jurisdiction is a threshold requirement which must be assured in every federal case. *Id*.

### II. Motion for TRO

In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) the public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to determine whether on balance they weigh towards granting the remedy. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

## ANALYSIS

Before the Court can proceed on Plaintiff's Motion for a TRO and Preliminary Injunction, the Court will first proceed with its analysis of Defendants' Motion to Dismiss for Lack of Jurisdiction to determine whether the Court has jurisdiction to hear the case.

I. **Motion to Dismiss for Lack of Jurisdiction**

Defendants make three arguments as to why this Court does not have jurisdiction. First, Defendants argue that Plaintiff, in its Complaint, acknowledges and asserts that it is not the operator of the particular McDonald's restaurant that it claims will be detrimentally impacted by Defendants' use of the roadway. As such, Defendants argue that Plaintiff is not the real party in interest, and the Complaint should therefore be dismissed. Second, Plaintiff argues that the operator of the restaurant is not joined as a necessary party. Plaintiff argues that if the party is joined as a necessary party it would defeat diversity jurisdiction of the Court. Lastly, Defendants argue that Plaintiff's Complaint is essentially one in equity seeking a declaration of rights related to an easement across real property and thus would fail to meet the $75,000 threshold required for diversity jurisdiction.

A. **Real Party in Interest**

Federal Rule of civil Procedure 17(a)(1) states that "every action must be prosecuted in the name of the real party in interest." This requires the plaintiff to "actually possess, under the substantive law, the right sought to be enforced." *Eason v. Stoneweg US, LLC*, No. 4:22-CV-00590-DGK, 2023 WL 7346299, at *1 (W.D. Mo. Nov. 7, 2023) (quoting *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010)).

The Court finds that Plaintiff is the real party in interest in this case. The Ground Lease states that "THIS LEASE, dated July 13, 2000 is between Farris Brother Investment Company

("Landlord"), of the City of Waynesville, County of Pulaski, State of Missouri, a Missouri General Partnership and MCDONALD'S CORPORATION, a Delaware corporation ("Tenant")." (Doc. 6-1, page 3). Further, the Agreement Amending Lease and Easement Agreement is also between the Farris Brother Investment Company and the McDonald's Corporation d/b/a Delaware McDonald's Corporation, a Delaware Corporation. (Doc. 6-2, page 1, and Doc. 6-3, page 1). The Court finds that the property rights at the center of this case are between Plaintiff and Defendants. Thus, Plaintiff is the real party in interest in this case pursuant to Federal Rule of Civil Procedure 17(a)(1). For the reasons stated, Defendants' Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 17 is **DENIED**.

    **B.**    **Necessary Party**

Federal Rule of Civil Procedure 19 governs the required joinder of parties. Courts in the Eighth Circuit have defined a necessary party as:

> [O]ne whose presence in the lawsuit is required because that party's absence would impair the Court's ability to accord complete relief between a plaintiff and a defendant, or the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest

*U.S. Bank Natl' Ass'n ND v. Elender Escrow, Inc.*, No. 11–123, 2011 WL 5857029, at *5 (E.D. Ark. Nov. 21, 2011) (quoting Fed. R. Civ. P. 19(a))). Based upon this definition, the Court finds that the operator of the McDonald's franchise is not a necessary party in this action. As mentioned above, the operator is not mentioned within any of the documents relating to the disputed easement in question in this case. There is no indication that the operator of the McDonald's franchise is claiming an interest relating to the subject of the action nor would the operator be impaired or impeded to protect the interest or incur inconsistent obligations. The operator of the McDonald's

4

franchise is not a party to the contract. While the operator may benefit from the outcome of the litigation, the Court finds that this interest is properly protected by Plaintiff in this matter. Thus, the operator is not considered a necessary party pursuant to Federal Rule of Civil Procedure 19. For the reasons stated, Defendants' Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 19 is **DENIED**.

C. **Establishment of Jurisdictional Amount**

The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Id*. (citing *Ryan ex rel. Ryan v. Schneider Nat. carries, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Determining the amount in controversy is generally a "straightforward task … because the plaintiff is the master of the complaint*." Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). In other words, "the amount claimed by [the] plaintiff ordinarily controls in determining whether jurisdiction lies in the federal court." *Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969). However, when a plaintiff does "not allege a specific amount in controversy in his complaint, the amount in controversy depends upon the value of the relief [the plaintiff] seeks." *Clark v. Matthews Intern. Corp.*, 639 F.3d 391, 397 (8th Cir. 2011).

Here, Plaintiff has sufficiently established the jurisdictional amount necessary for diversity jurisdiction. Plaintiff's Complaint requests an "award of compensatory damages in excess of $75,000 and in an amount to be determined at trial; [and] an award of punitive damages[.]" (Doc. 1, page 15). Plaintiff has listed an amount in controversy and has specified it within its prayer for relief. Further, the Court finds the value of an easement over the term of the remaining land lease would be over $75,000. Plaintiff has demonstrated a sufficient amount in controversy for the

5

purposes of diversity jurisdiction. For the reasons stated, Defendants' Motion to Dismiss for Lack of Jurisdiction based upon the establishment of the jurisdictional amount for diversity jurisdiction purposes is **DENIED**.

II.     **Motion for Temporary Restraining Order**

The Court having dismissed Defendants' Motion to Dismiss for Lack of Jurisdiction, the Court will now turn its analysis to Plaintiff's Motion for TRO.

    A.      **Likelihood of Success on the Merits**

When evaluating a movant's "likelihood of success on the merits," the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987) (quoting *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). At this preliminary state, the court need not decide whether the party seeking the temporary restraining order will ultimately prevail. *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645 (D.N.D. 2019) (citing *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007)). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty percent likelihood that he will prevail on the merits.'" *Id*. (quoting *Dataphase*, 640 F.2d at 113). A district court is to ask whether the party requesting a TRO or preliminary injunction has a "fair chance of prevailing." *D.M. by Bao Xiong v. Minnesota State High Sch. League*, 917 F.3d 994, 999 (8th Cir. 2019) (quoting *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008)(en banc)). "To satisfy this

factor, the movant need only show likelihood of success on the merits on a single cause of action, not every action it asserts in its complaint. *CPI Card Grp., Inc. v. Dwyer*, 294 F. Supp. 3d 791, 807 (D. Minn. 2018). The Eighth Circuit has also held that of the four facts to be considered by the district court in considering relief, the likelihood of success on the merits is "most significant." *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645–46 (D.N.D. 2019) (quoting *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992).

Plaintiff first argues that it is likely to succeed on the merits of its declaratory judgment claim. Plaintiff argues that an actual justiciable controversy exists as to whether Defendants have a valid easement or other access right across the McDonald's Parcel. Plaintiff argues Defendants have no valid easement or other access right across the McDonald's Parcel. In support Plaintiff argues that it should be granted the declaration it seeks because the Easement Agreement on its face expressly provides rights only to Plaintiff and not to any of the Defendants. Plaintiff further argues that under Missouri law, and easement by grant can only be created by language which is certain and definite in its terms. Defendants argue that Plaintiff fails to establish that it will likely succeed on the merits of a Declaratory Judgment. Defendants' position is that Clean Wash has access to its Car Wash Parcel from the main road through the McDonald's Parcel through the Access Easement via a non-exclusive Access Easement. Defendants argue that the non-exclusive easement was first established in the Ground Lease, as amended by the Amendment to the Lease Agreement. Defendants assert as a non-exclusive ingress and egress easement, neither party has the right to exclude the other from use of the easement.

The Court finds that Plaintiff has established a fair chance of prevailing. In review of the supporting documents and evidence produced at the hearing, the documents don't support the reservation or granting of an easement to Defendants. Under Missouri law the "universal rule" is

that "a man cannot have an easement over his own land." *Woodling v. Polk*, 473 S.W.3d 233, 236 (Mo. Ct. App. 2015) (quoting *Ball v. Gross*, 565 S.W.2d 685, 688 (Mo. App. 1978)). However, few cases discuss the reverse situation, in which a common landowner attempts to record an easement burdening one portion of his property for the benefit of another portion, usually in order to sell one of the portions. Courts have likewise found that no easement is created because an owner cannot grant himself property rights he already possesses. *Woodling v. Polk*, 473 S.W.3d 233, 236 (Mo. Ct. App. 2015). Though there is no precise specificity requirement regarding the language creating an easement, it is best to be as specific as possible, which would include a metes and bounds description where feasible. *Id.*; see *Rosenbloom v. Grossman*, 351 S.W.2d 735, 738–39 (Mo. 1961) (quoting 28 C.J.S. Easements § 24 at 677) ("[n]o particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms"). In review, it appears that Defendants have not included a clear intention to reserve its possessory interest when making the leasing agreements with Plaintiff. As such, the Court finds that Plaintiff has established a fair chance of prevailing on the merits of its declaratory judgment claim and thus the first factor weights in favor of Plaintiff.

> **B.** **Irreparable Harm to the Movant**

"Irreparable harm" signifies harm for which "a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). To qualify, the harm must be "certain and great and of such imminence that there is a clear and present need for equitable relief." *Walls v. Sanders*, 733 F. Supp. 3d 721, 738 (E.D. Ark. 2024) (quoting *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013)).

Plaintiff argues that it will suffer irreparable harm without a TRO and preliminary injunction. Plaintiff argues that the introduction of two-directional traffic and other modifications create significant safety risk including: (i) hazardous intersections where numerous potential routs intersection; (ii) insufficient lane widths; (iii) incorrect traffic signage and road markings; (iv) visibility issues; and (v) increased likelihood of vehicular and pedestrian accidents. Plaintiff further argues that the traffic modifications are contrary to McDonald's Site Layout Principles, interfere with the ease of circulation, create congestion, and cause reputational damage due to increased waiting times and inconvenience. Defendants argue that Plaintiff has failed to establish immediate irreparable injury. Defendants argue that speculative risk of harm does not support a motion for a TRO. Additionally, Defendants argue that the alleged increased risk of accidents is speculative. In support Defendants argue that the McDonald's parking lot had two direction traffic from 2001-2012 and there was no dramatic spike in accidents or injury. (*See* Declaration of K. Heithaus, ¶ 29). Further, Defendants argued that potential damage to reputation as a result of long wait lines are also speculative and cannot be the basis for irreparable harm.

The Court finds that Plaintiff has not shown irreparable harm. The harms Plaintiff alleges will result to it if a TRO is not granted are risks of hazardous intersections, insufficient lane widths, incorrect traffic signage and road markings, visibility issues, increased likelihood of vehicular and pedestrian accidents, and reputational damages. While Plaintiff correctly describes the potential injury or damage, none has occurred as of now. The Court cannot say these harms are so certain, great and of such imminence that there is a clear and present need for immediate equitable relief. While Plaintiff raises harms that should be considered, by definition, these damages do not constitute harm that is irreparable. The Court finds this factor weighs in favor of Defendants.

C. **Balance of Interests**

The balance of equities analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and other interested parties, including the public. *Dataphase*, 640 F.2d at 113. In doing so, courts consider the threat to each of the parties' rights that would result from granting or denying the injunction, the potential economic harm to the parties, and interested third parties, and whether the defendant has already taken remedial action. *Id*.

Plaintiff argues that the balance of hardships weighs in its favor. Plaintiff argues that Defendants have no legitimate claim to an easement or access right pursuant to the Easement Agreement or otherwise. Further, Plaintiff argues Defendants were aware of its objections before they constructed their new car wash but nonetheless failed to provide a direct means of ingress and egress to the highway. Thus, any harm Defendants argue is self-inflicted. Defendants argue the balance of equities strongly favor them. Defendants argue that Clean Wash did not operate when Plaintiff barricaded the alleged non-exclusive easement which closed Defendants' business down for approximately four months. Defendants claim they suffered significant economic losses and were unable to access and use of the alleged non-exclusive ingress and egress easement on land that they own. In contrast, Plaintiff's most serious harm is property damage in a low impact collision or potential injury to a pedestrian, which may occur at an unknown time, while their Clean wash business is shut down.

The Court finds the balance of interests weigh in favor of Defendants. As the Court has stated above, Plaintiff has failed to show irreparable harm to the extent that there is a clear and present need for immediate equitable relief. However, Defendants have demonstrated past and ongoing harm to the Clean Wash business. While the harm can be mitigated through damages, the prolonged shutdown of the business weighs heavier for Defendant than the speculative risks that may or may not occur for Plaintiff. In balancing the potential harm Plaintiff faces versus what the

10

drastic impact to Defendants' Clean Wash business, the Court finds the balance of interests weigh in favor of Defendants.

### D. Public Interest

Lastly, the Court must consider whether the public interest would be served by an injunction. *Sanderson v. Bailey*, 700 F. Supp. 3d 713, 723 (E.D. Mo. 2023), *appeal dismissed*, No. 23-3394, 2023 WL 11159779 (8th Cir. Dec. 11, 2023). Plaintiff argues the public interest will be served by issuing a TRO by protecting the public and community from dangerous and congested parking lot conditions. Further, Plaintiff argues that the public interest is served by upholding the property interests and enjoining Defendants from interfering with their property rights. Defendants argue that the public's interest will be better served if the easement is open between the McDonald's parcel and the Clean Wash parcel. Defendants argue that Clean Wash serves the community by employing 9 people in the area, washing 80-100 cars a day, and providing car wash club contracts for about 335 people in the area. Defendants argue that by keeping Clean Wash it helps promote growth and commerce for the City of Stain Roberts.

The Court finds merit in both the public interest in safety, property rights, and economic development. No one argument is so weighted as to provide a discernible advantage whether the TRO should be granted or denied by this factor. As such the Court finds that the public interest factor is neutral. The Court having evaluated all of the factors relating to the TRO find that it would be improper at this time to issue a TRO. For the reasons stated, Plaintiff's Motion for a TRO is **DENIED**.

### III. Motion for Preliminary Injunction

The Court having granted Plaintiff's Motion for TRO will decline at this time to rule on Plaintiff's Motion for Preliminary Injunction. The Court will take this matter up at a later date and will allow the parties to submit any additional information while the TRO is in place.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss for Lack of Jurisdiction is **DENIED**. The Court having considered all factors to determine whether on balance they weigh towards granting a TRO, this Court finds entry of a TRO improper. For foregoing reasons, Plaintiff's Motion for a TRO is **DENIED** and Plaintiff's Motion for a Preliminary Injunction will be taken up at a later date.

The parties should advise the Court of dates mutually available to present evidence the parties wish to submit regarding Plaintiff's Motion for a Preliminary Injunction. If the parties do not wish to present additional evidence, the parties should likewise advise the Court. The parties may submit additional briefing regarding the motion for preliminary injunction within fifteen (15) days of this Order. If any additional briefing is submitted the opposing party will have ten (10) days from the submission date of the additional briefing to respond.

**IT IS SO ORDERED**.

DATED: September 12, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**